UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHOTAN C. NATHAN,

               Plaintiff,

    -against-

UNITED STATES POSTAL SERVICE,

               Defendant.
------------------------------------------------------X

**ORDER**
13-CV-1866(SJF)(AKT)

FEUERSTEIN, District Judge:

    By Order dated May 9, 2013, the Court granted the application of *pro se* plaintiff Chotan C. Nathan ("plaintiff") to proceed *in forma pauperis* but *sua sponte* dismissed his employment discrimination complaint against his former employer, the United States Postal Service ("defendant"), without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief and with leave to file an amended complaint. In accordance with the May 9th order, plaintiff filed an amended complaint on June 7, 2013. Like the initial complaint, the amended complaint is incomprehensible and does not allege a plausible claim. Accordingly, for the reasons that follow, the amended complaint is dismissed in its entirety without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief.

I.    Discussion

    A.    The Amended Complaint

    Plaintiff utilized the Court's employment discrimination form for his amended complaint. Although plaintiff has checked the box to allege that his claims arise pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, he does not provide his date of birth or his age in the amended complaint. Am. Compl. at 1, ¶ 7. Instead, plaintiff alleges that the defendant discriminated against him on the basis of his gender and his

religion, Judaism. Am. Compl. at ¶ 7. The incoherent narrative sheds no light on the nature of plaintiff's claim. In its entirety, the plaintiff's statement of facts provides:

> I am a postal employee since 09-03-2005. I am a career postal employee. I was in payroll til 06-12-2006. I got injured at work due to equipment fault, then I had chest pain issue in postal service. Doctor put me on light duty. During light duty postal service blamed me that I am not working properly. They send me for out of work without pay for one month, then postal doctor cleared me to return to work. Postal service did not accept doctor recommendation. They told me you have to see Dr. Verga in 04-21-2010 after long time. Dr. Verga is pschiatrist [sic], who cleared me to work. Then postal service demanded for honor resignation. I declined. Postal service told me I already hired another employee so you have to resign. I refused, then they issued the termination letter. Employer violated law that gives employee right to work in government sector.

Am. Compl. ¶ 8.

B. Employment Discrimination Statutes

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). The Age Discrimination in Employment Act ("ADEA") prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Americans with Disabilities Act ("ADA") prohibits an employer from discriminating against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a).

2

"The *sine qua non* of a . . . discriminatory action claim under Title VII [or the ADEA or ADA] is that the discrimination must be because of [a protected characteristic]." Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (emphasis in original) (quotations and citation omitted); see also Ricci v. DeStefano, 557 U.S. 557,577, 129 S. Ct. 2658, 174 L. Ed. 2d 490 (2009) ("A disparate treatment plaintiff must establish that the defendant had a discriminatory intent or motive for taking a job related action." (quotations and citation omitted)); Kentucky Retirement Systems v. EEOC, 554 U.S. 135, 141, 128 S. Ct. 2361, 171 L. Ed. 2d 322 (2008)("[W]here . . . a plaintiff claims age-related 'disparate treatment' . . . the plaintiff must prove that age actually motivated the employer's decision." (emphasis in original) (quotations and citation omitted)); McElwee v. County of Orange, 700 F.3d 635, 640 (2d Cir. 2012) ("To assert a claim under Title II of the ADA . . . , a plaintiff must demonstrate that . . . he was . . . discriminated against by the defendant because of his disability." (emphasis added)). "'It is axiomatic that mistreatment at work . . . is actionable under Title VII [or the ADEA or ADA] only when it occurs because of an employee's . . . protected characteristic.'" Patane, 508 F.3d at 112 (quoting Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001)); Baur v. Rosenberg, Mine, Falkoff & Wolff, No. 07 Civ. 8835, 2008 WL 5110976, at* 5 (S.D.N.Y. Dec. 2, 2008) ("The ADEA is not violated simply because an employer misjudges the quality of its employee or an employee feels misunderstood.").

Although plaintiff is not required "to plead specific facts to show a prima facie case of discrimination . . . , dismissal is nevertheless appropriate where the plaintiff failed to allege even the basic elements of a discriminatory action claim." Maldonado v. George Weston Bakeries, 441 F. App'x 808, 808- 09 (2d Cir. 2011) (summary order); see also Patane, 508 F.3d at 112 n. 3 (affirming dismissal where the plaintiff "failed to allege even the basic elements of a discriminatory action claim."). As is readily apparent, plaintiff's allegations concerning the

3

termination of his employment do not allege a plausible claim.  See Ruston v. Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief") (citation omitted); see also Arista Records, 604 F.3d at 120-21 (although Twombly and Iqbal did not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible) (citations omitted).  Since plaintiff has not cured the pleading deficiencies set forth in the May 9th order, for the reasons set forth in that order, the amended complaint is dismissed in its entirety without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief.

Plaintiff is granted leave to file a second amended complaint correcting the pleading deficiencies indicated herein and in the May 9, 2013 order, provided that any such second amended complaint is filed on or before August 9, 2013, or the amended complaint will be deemed dismissed with prejudice and judgment shall enter in favor of defendant.  Plaintiff is further advised that since leave to amend may be properly denied, *inter alia*, for "'repeated failure to cure deficiencies by amendments previously allowed,'" Rutolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 229, 9 L. Ed. 2d 222 (1962)), his failure to correct the pleading deficiencies set forth herein and in the May 9th order in any second amended complaint will result in the second amended complaint being dismissed in its entirety with prejudice and judgment shall be entered in favor of defendant. The second amended complaint shall be clearly entitled "second amended complaint," set forth all of plaintiff's allegations against defendant and bear the same docket number as this Order.  No summons shall issue at this time.

4

II.  Conclusion

For the reasons set forth above, plaintiff's amended complaint is *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief. Plaintiff is granted leave to file a second amended complaint to cure the pleading deficiencies noted herein and in the May 9th order, provided that any such second amended complaint is filed on or before August 9, 2013. If a second amended complaint is not filed by August 9, 2013, or if the second amended complaint does not cure the deficiencies identified herein and in the May 9th order, the amended complaint will be deemed dismissed with prejudice and judgment shall enter in favor of defendant.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

**SO ORDERED.**  s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: July 9, 2013
       Central Islip, New York